UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

TRAFFORD DISTRIBUTING CENTER, INC.,     Case No. 08-17980-BKC-JKO
a/k/a Trafford Distribution Center, Inc.     Chapter 7

                Debtor.
_____/

SONEET R. KAPILA, Trustee in Bankruptcy
For TRAFFORD DISTRIBUTING CENTER, INC.,

                Plaintiff,     Adversary No. 08-01792-JKO

v.

LIBERTY PROPERTIES AT TRAFFORD, LLC
LIBERTY ASSOCIATES, LC and
ADVANCED VEHICLE SYSTEMS, LLC,

                Defendants.
_____/

## DEFENDANT'S ANSWER TO COMPLAINT

Advanced Vehicle Systems, LLC ("AVS" or "Defendant"), by and through undersigned counsel, responds to the general allegations and Counts III[1] and XVI – XXI of the Complaint made against AVS, and states as follows:

### ANSWER TO GENERAL ALLEGATIONS

1.      Paragraph 1 is admitted.

2.      AVS admits that this adversary proceeding was commenced by Soneet R. Kapila, as Trustee in Bankruptcy for Trafford Distributing Center, Inc. (the "Debtor") and that the allegations in the Complaint speak for themselves; otherwise, the allegations of Paragraph 2 are denied.

---

[1]      Plaintiff through counsel has agreed to drop Counts III and XX against AVS without prejudice; accordingly, no response is necessary to the allegations contained in such Counts III and XX and any such

3. Paragraph 3 is admitted

4. Paragraphs 4, 5 6, and 7 do not apply to AVS; AVS is without knowledge of the allegations contained therein and therefore the allegations of such Paragraphs are denied.

5. Paragraph 8 is admitted.

6. Paragraph 9 is denied.

7. Admitted as to Counts XVI – XXI of the Complaint; otherwise, the allegations of Paragraph 10 are denied.

8. Admitted as to Counts XVI – XXI of the Complaint; otherwise, the allegations of Paragraph 11 are denied.

9. The allegations made in Paragraphs 12 through 33 do not pertain to AVS; accordingly, AVS is without knowledge and denies the allegations of Paragraphs 12 through 33.

10. Admitted that AVS has a principal place of business at 637 NW Jim Moran Boulevard, Deerfield Beach FL 33442 at certain relevant times; otherwise, the allegations of Paragraph 34 are denied.

11. The allegations made in Paragraphs 35 through 45 do not pertain to AVS; accordingly, AVS is without knowledge and denies the allegations of Paragraphs 35 through 45.

12. Paragraph 46 is denied.

13. AVS admits its loan of $15,000 was discharged through payment of rent to the landlord of the debtor on January 1, 2008; otherwise, AVS is without knowledge of the allegations in Paragraph 47; therefore, the allegations are denied.

14. The allegations made in Paragraph 48 do not pertain to AVS; accordingly, AVS is without knowledge and denies the allegations of Paragraphs 48.

15. Paragraphs 49, 52 and 53 through 57 are denied.

16. The allegations made in Paragraphs 58 through 63 do not pertain to AVS; accordingly, AVS is without knowledge and denies the allegations of Paragraphs 58 through 63.

17. Paragraphs 64, 65 and 66 are admitted.

18. AVS is not a Defendant as to Counts I, II, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV of the Complaint and therefore, is not required to respond to Paragraphs 67 through 86 and 97 through 182 of the Complaint.

---

allegations are denied.

19.  Plaintiff has filed a notice of dropping Count III of the Complaint without prejudice; therefore, AVS is not required to respond to Paragraphs 87 through 96 of the Complaint.

20.  As to Paragraph 183 AVS reasserts and incorporates its answers to paragraphs 1 through 66 above as if fully set forth herein.

21.  Paragraph 184 of the Complaint contains legal conclusion to which no response is required. To the extent that a response is required, AVS denies the allegations contained therein and therefore demands strict proof.

22.  Paragraph 185 is admitted.

23.  Paragraphs 186, 187 and 188 are denied.

24.  As to Paragraph 189 AVS reasserts and incorporates its answers to paragraphs 1 through 66 above as if fully set forth herein.

25.  Paragraphs 190 and 191 of the Complaint contains legal conclusion to which no response is required. To the extent that a response is required, AVS denies the allegations contained therein and therefore demands strict proof.

26.  Paragraph 192 contains legal conclusion to which no response is required.

27.  Paragraphs 193 and 194 are denied.

28.  AVS admits receipt of $15,000 on or about April 13, 2007. AVS denies the remaining allegations contained in Paragraph 195 of the Complaint and therefore demands strict proof.

29.  As to Paragraph 196 AVS reasserts and incorporates its answers to paragraphs 1 through 66 above as if fully set forth herein.

30.  Paragraphs 197 and 198 of the Complaint contains legal conclusion to which no response is required. To the extent that a response is required, AVS denies the allegations contained therein and therefore demands strict proof.

31.  Paragraph 199 contains legal conclusion to which no response is required.

32.  Paragraphs 200, 201, 202 and 203 are denied.

33.  As to Paragraph 204 AVS reasserts and incorporates its answers to paragraphs 1 through 66 above as if fully set forth herein.

34. Paragraphs 205 and 206 of the Complaint contains legal conclusion to which no response is required. To the extent that a response is required, AVS denies the allegations contained therein and therefore demands strict proof.

35. Paragraph 207 contains legal conclusion to which no response is required.

36. Paragraphs 208, 209, 210, 211 and 212 are denied

37. Plaintiff has filed a notice of dropping Count XX of the Complaint without prejudice; therefore, AVS is not required to respond to Paragraphs 213 through 218 of the Complaint.

38. As to Paragraph 219 AVS reasserts and incorporates its answers to paragraphs 1 through 66 above as if fully set forth herein.

39. Paragraphs 220 and 222 of the Complaint contains legal conclusion to which no response is required. To the extent that a response is required, AVS denies the allegations contained therein and therefore demands strict proof.

40. Paragraphs 223 and 224 are denied.

43. Any allegation neither admitted nor denied is hereby denied.

## AFFIRMATIVE DEFENSES

44. In bar of Counts XVI – XXI, the Debtor loaned AVS $15,000 on April 13, 2007, which loan was contemporaneously recorded in the books and records of the Debtor and AVS as a loan. On January 1, 2008, the loan of $15,000 owing by AVS to the Debtor was paid in full, by AVS assigning such obligation to the landlord of the Debtor, and the Debtor satisfying rental obligations it owed to the landlord in a like amount, for full value, and recording the satisfaction of payment on its books and records.

45. In bar of Counts XVI – XXI, the $15,000 was discharged through payment.

46. Plaintiff has or is filing a notice of dropping Count XX of the Complaint without prejudice; therefore, AVS is not required to respond to Paragraphs 213 through 218 of the Complaint.

WHEREFORE, Defendant AVS prays for the Court to dismiss Count III and Counts XVI – XXI with prejudice and enter judgment in favor of Defendant.

Dated this 16th day of January, 2009.

DEVINE GOODMAN PALLOT RASCO & WELLS, P.A.    777 BRICKELL AVENUE, SUITE 850    MIAMI, FLORIDA 33131    P: 305 374 8200    F: 305 374 8208

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

Respectfully submitted,

**DEVINE GOODMAN RASCO & WELLS, P.A.**
Attorneys for Advanced Vehicle Systems, LLC
777 Brickell Avenue, Suite 850
Miami, FL 33131
Telephone:     (305) 374-8200
Direct telephone: (305) 444-6695
Fax:            (305) 374-8208


By:     /s/ Diane Noller Wells
        Diane Noller Wells
        Florida Bar No. 516570

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served by CM/ECF and U.S. Mail on January 16, 2009 on the following:

Michael R. Bakst, Esq.
Marla B. Neufeld, Esq.
Attorneys for Trustee
222 Lakeview Ave., Suite 800
West Palm Beach, FL 33401

Assistant U.S. Trustee
51 SW 1st Avenue, #1204
Miami, Florida 33130

Robert A. Sweetapple, Esquire
Sweetapple, Broeker & Varkas, P.L.
Attorneys for Liberty Properties at Trafford, LLC and Liberty Associates, LC
150 East Boca Raton Road
Boca Raton, FL 33432

By:     /s/ Diane Noller Wells
        Diane Noller Wells