**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                                                    CASE NO. 08-17980-BKC-JKO
                                                                          CHAPTER 7
TRAFFORD DISTRIBUTING CENTER, INC.
a/k/a Trafford Distrbution Center, Inc.,

     Debtor.
_____/
**SONEET R. KAPILA, Trustee in Bankruptcy**
**for TRAFFORD DISTRIBUTING CENTER, INC.,**

     **Plaintiff,**                                            Adv. Case No. 08-01792-JKO

**vs.**

**LIBERTY PROPERTIES AT TRAFFORD, LLC**
**LIBERTY ASSOCIATES, LC, AND**
**ADVANCED VEHICLE SYSTEMS, LLC,**

     **Defendants.**
_____/

### LIBERTY ASSOCIATES LC'S ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

Liberty Associates, LC  ("Liberty Associates") by and through undersigned counsel, hereby

answers and asserts its Affirmative Defenses to the Trustee's Complaint to Substantively

Consolidate and, alternatively, to avoid and recover alleged transfers and alleged Estate property, as

follows:

### ANSWER

The numbered paragraphs below correspond to the numbers in the Plaintiff's Complaint.

1.     Liberty Associates admits that Soneet R. Kapila is the Chapter 7 Trustee of the

Debtor, Trafford Distributing Center, Inc. ("Debtor"), and is the Plaintiff in this action.  All other

and contrary allegations contained in paragraph 1 are denied.

1

2.      Liberty Associates admits that the Trustee is seeking certain relief but denies that any such relief is appropriate.

3.      Denied.

4.      Admitted.

5.      Liberty Associates admits that Liberty Properties was the landlord to the Debtor at certain times relevant hereto.  All other and contrary allegations are denied.

6.      Admitted.

7.      In response to the allegations set forth in paragraph 7, it is admitted that Joseph Wortley is the managing member of Liberty Associates,  and that  he is married to Barbara Wortley who is the principal shareholder of the Debtor. All other and contrary allegations contained in paragraph 7 are denied.

8.      Admitted.

9.      Denied.

10.      The allegations contained in paragraph 10 are denied because the Plaintiff herein is knowingly asserting inaccurate allegations in an effort to support causes of action which are unfounded or non-existent.

11.      The allegations contained in paragraph 11 are denied because the Plaintiff herein is knowingly asserting inaccurate allegations in an effort to support a cause of action which are non-existent.

12.      Liberty Associates admits that Liberty Source W, LLC ("Source W') was owned by Joseph Wortley, that  its primary business was printing services, and Source W also provided internet related services and warehouse fulfillment services, and that employees of Source W were unionized.  All other and contrary allegations are denied.

13.     It is admitted that Source W had major financial problems including litigation by its secured lender, and a judgment in favor of a vendor; that, on September 3, 2003, Source W surrendered its assets to Independence Community Bank, ("The Bank") and thereafter the Bank decided to close Source W's operations. It is further admitted that, thereafter, a small group of former employees of Source W approached Barbara Wortley with a proposal to start a new company and operate a warehouse fulfillment operation (which had been a minor portion of Source W's business operations) in the same location.  All other and contrary allegations are denied.

14.     Admitted.

15.     The allegations set forth in paragraph 15 are denied.  Plaintiff knows that this allegation is false and contrary to records in Plaintiff's possession, and contrary to unrebutted testimony which Plaintiff has elicited.

16.     In response to the allegations set forth in paragraph 16, the parties admit that,  in October, 2003, the Debtor reached an agreement with the Bank to purchase certain equipment formerly owned by Source W, which was tendered to the Bank on September 3, 2003.

17.     In response to the allegations set forth in paragraph 17, Liberty Associates objects to allegations based upon dicta from an administrative proceeding, which dicta relates to non-parties thereto who did not personally participate as parties in the proceeding.  Liberty Associates, admits that certain decisions and opinions were rendered by the NLRB and by the Third Circuit Court of Appeals, those opinions speak for themselves, and their precedential effect is limited as a matter of law.

18.     In response to the allegations set forth in paragraph 18, Liberty Associates objects to allegations based upon dicta from an administrative proceeding which relates to non-parties thereto who did not personally participate in the proceeding that gave rise to the subject dicta.

The Defendants admit that certain decisions and opinions were rendered by the NLRB and the Third Circuit Court of Appeals, those opinions speak for themselves, and their precedential effect is limited as a matter of law.

19.    Admitted.

20.    The filing of the within petition is admitted.  All other and contrary allegations are denied.

21.    Liberty Associates admits that the initial rental payment accepted by Liberty Properties  from the Debtor  was $14,500 per month.

22.    Admitted.

23.    Admitted.

24.    Admitted.

25.    In response to the allegations set forth in paragraph 25, Liberty Associates admits that Mr. Armour testified on  deposition, however, his deposition  testimony is  taken out of context and  improperly asserted as allegations, therefore Liberty Associates, moves to strike paragraph 25. All other and contrary allegations are denied.

26.    Liberty Associates admits that Liberty Properties received rental payments in exchange for the rental, as set forth in the Debtor's schedules. All other and contrary allegations are denied.

27.    Denied.

28.    The contents of corporate records submitted on behalf of Trafford to the State of Florida are admitted.  All other and  contrary allegations are denied.

29.    Liberty Associates admits that Mr. Armour testified on deposition, however the deposition testimony is taken out of context and improperly asserted as allegations, and therefore

any other or contrary allegations are denied.

30.    Liberty Associates admits to the contents of the corporate records of Trafford submitted to the Florida secretary of State.  All other and contrary allegations contained in paragraph 30 are denied.

31.    Admitted.

32.    Admitted.

33.    Denied.

34.    Denied.

35.    Liberty Associates admits the allegations related to the same registered agent address.  All of other and  contrary allegations are denied.

36.    Liberty Associates admits that Mr. Armour testified on deposition and the content hereof.  All summaries of that deposition, or statements taken out of context, or other and contrary allegations contained in paragraph 36 are denied.

37.    Denied.

38.    Liberty Associates admits that Mr. Armour testified on deposition and  the content hereof.  All summaries of that deposition, or statements taken out of context, or other and contrary allegations contained in paragraph 38 are denied.

39.    Liberty Associates admits that Mr. Armour testified on deposition and  the content hereof.  All summaries of that deposition, or statements taken out of context, or other and contrary allegations contained in paragraph 39 are denied.

40.    Liberty Associates admits that Mr. Armour testified on deposition and  the content hereof.  All summaries of that deposition, or statements taken out of context, or other and contrary allegations contained in paragraph 40 are denied.

41.    Denied.

42.    Liberty Associates admits that Mr. Armour testified on deposition and to the content hereof.  All summaries of that deposition, or statements taken out of context, or other  in contrary allegations contained in paragraph 42 are denied.

43.    Liberty Associates admits that payments were properly made among the parties.  All other and contrary allegations are denied.

44.    Liberty Associates admits to the payments made as set forth the debtor's fee schedule.  All other and contrary allegations are denied.

45.    This allegation pertains to AVS, are not against this defendant, and are therefore denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Liberty Properties received appropriate rental payments pursuant to leases where by Liberty Properties was leasing property to the Debtor.  All other and contrary allegations are denied.

53.    Denied.

54.    The attached copies of ledger entries reflect payments for value received.

55.    Denied.

56.    Denied.

57.     Denied.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     The allegations do not pertain to this defendant and are therefore denied.

65.     These allegations do not pertain to this defendant and are therefore denied.

66.     These allegations do not pertain to this defendant and are therefore denied.

67-76   These allegations in paragraphs 67-76 do not pertain to this Defendant and are therefore denied.

77.     This Defendant re-alleges and reasserts its answers to paragraphs 1-66 above as though fully set forth herein.

78.     Liberty Associates admits that the relief is being sought but denies that it is appropriate.

79.     The allegations pertaining to the Debtor are admitted, however Barbara Wortley does not have the stated position with Liberty Associates, and those allegations are denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     The allegations in paragraphs 87 to 96 do not pertain to this Defendant and are therefore denied.

97.     The allegations in paragraph 97 to 139 do not pertain to this Defendant and are therefore denied.

140.    This Defendant re-alleges and reasserts its answers to paragraphs 1-66 above as though fully set forth herein.

141.    Denied.

142.    Liberty Associates, admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

143.    Liberty Associates, admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

144.    Denied.

145.    Liberty Associates, admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

146.    Denied.

147.    Liberty Associates, admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

148.    Denied.

149.    Liberty Associates, admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

150.    Liberty Associates, admits that the Trustee may have legal remedies available

to it, however denies that they are appropriate in this case.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   This Defendant re-alleges and reasserts its answers to paragraphs 1-66 above as though fully set forth herein.

156.   Denied.

157.   Liberty Associates admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

158.   Liberty Associates admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   This Defendant re-alleges and reasserts its answers to paragraphs 1-66 above as though fully set forth herein.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   This Defendant re-alleges and reasserts its answers to paragraphs 1-66 above as though fully set forth herein.

171.   Denied.

172.   Liberty Associates admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

173.   Liberty Associates admits that the Trustee may have legal remedies available to it, however denies that they are appropriate in this case.

174.   Denied.

175.   Denied.

176.   Denied.

177.   All remaining allegations are against Defendant, AVS, or dismissed, and are therefore inapplicable to this defendant and denied.

178.   All allegations not specifically admitted to herein are denied.

## AFFIRMATIVE DEFENSES

As separate, complete and affirmative defenses to the allegations contained in the Trustee's Complaint, Liberty Associates, will show that:

### General Factual Allegations in Regard to
### Trafford Distribution Center, Inc.

In September of 2003,  former employees of a company known as Source W, that had been closed by Independence Community Bank, ("The Bank") approached Barbara Wortley to propose that she capitalize a small business.

Mrs. Wortley had the Debtor company herein formed, ("Trafford"), injected a $25,000 cash equity, arranged financing with her stepson's Trust fund for $231,000 and, from time-to-time, lent

other funds to Trafford.  From September 2003 until December 31, 2007, Mrs. Wortley negotiated considerably lower than market value rents for Trafford, with the landlord, Liberty Associates, LC's at Trafford, which was and is owned by her husband, Joseph Wortley.

In the fall of 2007, Heinz, which was Trafford's major customer, wanted Trafford to expand their services to Heinz.  This would have necessitated a significant capital expenditure.  A 6-month lease at fair market rent was entered into between Trafford and Liberty Properties. Mrs. Wortley received only $2,500 a month for her efforts to head up this small company and guide the ten jobs it provided.

The National Labor Relations Board instituted and action relating alleged rights of former employees of Source W, and, inter alia, claimed that Trafford was an alter ego to Source W. To Mrs. Wortley's mind, this defied all logic, because she started a new business, financed it, bought assets from the Bank, and operated Trafford separately from her husband's businesses, and maintained a business which provided ten jobs.

Until the first week in June, 2008, Mrs. Wortley had been told by her agents that settlement would be attainable on behalf of Trafford, to extinguish the claims of the NLRB which arose out of the employee claims from Source W.  When the NLRB threatened jail for Mrs. Wortley, she decided that the cost of trying to protect the ten jobs was too severe and filed this Bankruptcy proceeding. In an attempt to salvage value for the Bankruptcy Estate, Mr. Wortley, representing a new entity, pleaded with the Trustee to sell that company the assets of Trafford for $150,000.  Mr. Wortley told the Trustee that those assets might be worth nothing if Heinz was allowed to vacate the building. Mr. Wortley was trying to attempt to assist the collectability of funds owed either to Trafford or Matt Wortley's Trust. Those pleas fell on deaf ears, and the Trustee actively blocked Heinz through an e-mail instruction, from accessing their property, and now Heinz is refusing to pay their bill.

11

Mrs. Wortley has her own companies. Mr. Wortley has his own entities.  This is a second marriage for each of them. Although funds are loaned back and forth between the entities, the Trustee now is attempting to improperly characterize those payments as fraudulent transfers and to deny Matt Wortley's Trust fund advances of approximately $230,000 in factored advances.

There were no fraudulent transfers, which fact has been fully explained in depositions and documents.  The Bankruptcy Trustee is now attempting to negate the funds rightfully belonging to Matt Wortley's Trust, and improperly recover amounts from other entities.

### Defenses

A.      There are separate and individual identities between each of the Defendants and the Debtor, with separate businesses, separate transactions, and individual  histories of operations and, accordingly, substantive consolidation is inappropriate.

B.      The Trustee is barred or estopped from bringing the claims herein because the bankruptcy of the Debtor, Trafford, was precipitated by collection efforts of the NLRB against Trafford.  As this Defendant had absolutely nothing to do with those transactions, substantive consolidation is wholly inappropriate in this matter.

C.      The transactions at issue were entered into in good faith and for fair value, accordingly, the Trustee  herein is barred or estopped from recovering on any theory of fraudulent conveyence.  The rental rate charges to the Debtor, Trafford, were appropriate "start up" rates at the inception of the leasehold. The tenant, now Debtor, was attempting to start a new business and, thereafter, when the business was prospering and the Debtor was seeking to expand, an appropriate escalation to market rental rates was properly charged.  Accordingly, the Trustee is barred or estopped from asserting that such charges are somehow fraudulent or inappropriate.

D.      The Debtor herein was solvent on an ongoing basis prior to the filing of this

12

bankruptcy,  with a pending liability to the NLRB being negotiated to settle and, accordingly, any payments made were in the ordinary course of business by a solvent corporation, and therefore the Trustee is barred or estopped from making any recovery herein.

E.      The Trustee has waived any right of recovery herein, as the Trustee had the opportunity to cooperate with the parties and retain Heinz's operation in the building belonging to Liberty Properties.  The Trustee's failure to cooperate with these efforts to avoid or mitigate any losses or damage were the proximate cause of business losses and /or claims, and the Trustee may not recover against this Defendant as a result.

WHEREFORE, having set forth its Answer and Affirmative Defenses, Liberty Associates, LC's moves this Court for a dismissal of the Trustee's claims, and for an award of attorney's fees and costs.

Respectfully submitted,

**s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738
Doug@broekerlaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.:  (305) 374-5623
Fax.:  (305) 358-1023

and

**s/ Robert A. Sweetapple**
Robert Sweetapple, Esquire
Florida Bar No.  0296988
rsweetapple@sweetapplelaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
150 East Boca Raton Road
Boca Raton, Florida 33432
Tel.:  (561) 392-1230

Fax.: (561) 394-6102
Attorneys for Liberty Properties and Liberty Associates

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such to: **Marla B Neufeld, Esq.** 222 Lakeview Ave #800, West Palm Beach, FL 33401 efile1542@ruden.com and **Michael R. Bakst, Esq.** 222 Lakeview Ave #800, West Palm Beach, FL 33401, efile2565@ruden.com on this 22nd day of January, 2009.

By: **s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738

DCB/jfl
M:\wp51\Active.Client.Files\Trafford BKC\Adversary Against Liberty Properties\Answer & Aff. Def. of Liberty Associates.wpd